# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

KEVIN EASTERLING,

                    **Plaintiff,**

-vs-                                          **Case No.  6:05-cv-855-Orl-22GJK**

CITY OF ORLANDO,

                    **Defendant.**
_____

## ORDER

## I.  INTRODUCTION

        This cause comes before the Court for consideration of the Magistrate Judge's June 11, 2008 Report and Recommendation ("R&R") (Doc. No. 112), addressing Plaintiff Kevin Easterling's counsel's requests for attorneys' fees, and Easterling's Objections to the R&R (Doc. No. 113).  Additionally, the Court will address herein the issue of costs.

## II.  ATTORNEYS' FEES

        Plaintiff's counsel, Frank T. Allen, Esq. and The Allen Firm, P.A. ("Allen"), and Michael LaFay, Esq. and the law firm of Nejame, LaFay, Jancha, Vara, Barker & Joshi, P.A. ("LaFay"), seek attorneys' fees for their representation of Easterling.  Allen requests an award of attorneys' fees in the amount of $74,550.00 or, alternatively, $67,550,00.  (Doc. No. 93 at 16.)  Allen also asks the Court "to consider a multiplier of 1.2 to 1.5, or alternatively an enhancement of 25% to 33%[.]" (*Id.*)  For his part, LaFay seeks fees in the amount of $65,555.00 or, alternatively, $58,555.00.  (Doc. No. 95 at unnumbered p. 12.)  Additionally, LaFay requests the same multiplier or enhancement as Allen.  (*Id.*)

In his R&R, the Magistrate Judge recommends reductions to those claimed amounts. Specifically, the R&R recommends that Allen be awarded fees in the amount of $21,970.00, and that LaFay be paid $28,095.00.

In arriving at these figures, the Magistrate Judge first determined that Easterling was the prevailing party in this lawsuit. In that regard, the jury awarded Easterling $7,500.00 on his retaliation claim (Doc. No. 69), and judgment in that amount was entered in his favor (Doc. No. 83.) However, as noted in the R&R, Easterling claimed $250,000.00 in compensatory damages in the initially-filed pretrial statement. (Doc. No. 112 at 2; Doc. No. 33 at unnumbered p. 7.)

Next, the Magistrate Judge disallowed time the two attorneys spent on Easterling's sexual harassment claim. As background for this point, the City received summary judgment on the sexual harassment claim, and only the retaliation claim proceeded to trial. The Magistrate Judge determined that the two claims arose from identical or sufficiently related facts; nevertheless, he disallowed the time spent on the sexual harassment claim given the limited success Easterling achieved on his retaliation claim. On this same basis, the Magistrate Judge further reduced the hours the attorneys spent on the retaliation claim, by 50%.

The Magistrate Judge then proceeded to assess the reasonableness of the hourly rate - $350.00 - sought by Easterling's counsel. The Magistrate Judge viewed that rate as excessive, and reduced the figure to $325.00 for Allen and $300.00 for LaFay.

Next, the Magistrate Judge evaluated whether the two attorneys had properly allocated their time among the four other companion cases, *i.e.*, whether they divided among the five

cases the time they spent on common tasks.[1]  LaFay properly pro-rated his time, but the Magistrate Judge found that in a number of instances Allen had not.  Accordingly, the Magistrate Judge reduced Allen's claimed time by 38.9 hours.

The Magistrate Judge then rejected the City's contention that the sought fees should be reduced by 30% on duplication of effort grounds, finding that there was no substantial overlap in the two attorneys' work.

Finally, the Magistrate Judge denied the attorneys' request for an enhancement or a multiplier, reasoning that the former was unwarranted and the latter, legally inappropriate.

Easterling has objected to the R&R.  He contests the Magistrate Judge's reduction of Allen's time by 38.9 hours, arguing that a 10 hour reduction is more appropriate.  Easterling's counsel also challenge the Magistrate Judge's rejection of the time they spent on the sexual harassment claim, and the 50% reduction of the hours they devoted to the retaliation claim.  In their view, the reduction should not exceed 10%.  To support these positions, Easterling's attorneys argue that the Magistrate Judge placed undue weight on the size of the jury's verdict and the fact that Easterling only prevailed on the retaliation claim.  They also maintain that this lawsuit forced the City's police department to change its ways.  Additionally, they assert that the Magistrate Judge actually reduced Allen's time below the level requested by the City.

Curiously, the attorneys also object to something the Magistrate Judge did not do.  In that regard, they state: "Likewise, the Magistrate Judge disallowed the 6.0 hours billed on February 20 and 21, 2006 for the review of over 900 documents provided by the City." (Doc.

---

[1]The companion cases involved four other police officers who, like Easterling, asserted claims of sexual harassment and retaliation.

No. 113, ¶ 8.)  However, the Magistrate Judge did not actually say that he was excluding this particular time.  Instead, he merely referenced the fact that the City had objected on this basis. (Doc. No. 112 at 8.)

The Court has carefully considered Easterling's objections to the R&R and has determined them to be meritless.  The Magistrate Judge correctly reduced Allen's and LaFay's hourly rates, and to an appropriate degree.  Based on the limited success Easterling achieved in this lawsuit, it was entirely appropriate for the Magistrate Judge to disallow the fees related to the sexual harassment claim and to reduce by 50% the fees devoted to the retaliation claim. Finally, the reduction in Allen's claimed hours based on that attorney's failure to prorate his time was similarly appropriate.

### III.  COSTS

Each of Easterling's counsel filed a separate bill of costs.  (Doc. Nos. 88, 90.)  Costs were taxed in the full amounts requested on December 17 and 18, 2007.  (Doc. Nos. 89, 91.) On December 19, 2007, the City filed a Memorandum in Opposition to Plaintiff's Bills of Costs.  (Doc. No. 92.)    Two days later, Easterling filed a Response to that memorandum. (Doc. No. 96.)

Rule 54(d)(1), Federal Rules of Civil Procedure, provides that a court may review the clerk's taxation of costs upon motion served within five days of taxation.  Although the City did timely file its objections to the costs awards, it did not assert those objections in a motion. Instead, they are contained in a "Memorandum in Opposition" to the costs bills filed by Easterling's counsel.  Notwithstanding this procedural irregularity, in the interest of fairness,

-4-

the Court will construe the City's opposition memorandum as a motion. To do otherwise would elevate form over substance.

In response to the City's objections, LaFay filed documentation substantiating most of the cost items he initially sought. In contrast, Allen has submitted no such documentation supporting his claimed costs. Based on the documentation submitted by LaFay, the Court determines that the following costs are due to be assessed:

Fees of the Clerk: Although LaFay has been unable to submit proof of payment of the filing fee, the docket sheet reflects that it was paid. Accordingly, $250.00 will be awarded for this item.

The costs bill filed by Allen lists $150.00 for this category. However, Allen has not provided any information regarding this claimed expense. Accordingly, it will be disallowed.

Fees for service of summons and subpoena: LaFay's documentation supports $120.00 for this category, rather than the $250.00 he initially claimed. Accordingly, only $120.00 will be awarded for this item.

Allen claims $25.00 for this category, but has not provided any supporting information. Accordingly, this sum will be disallowed.

Fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case: The City has not objected to LaFay's claimed costs in this category, and LaFay has substantiated the $1,118.32 he seeks. Accordingly, the full amount will be taxed.

The City has objected to Allen's claim of $250.00, and Allen has not submitted any documentation supporting this expense item. Accordingly, it will be excluded.

Fees for witnesses: LaFay has substantiated only $120.00 of the $160.00 he initially claimed.  Accordingly, this item will be reduced to $120.00.  Allen has not substantiated the $60.00 he lists for this item, so his claimed amount will not be taxed.

Fees for exemplification and copies of papers necessarily obtained for use in the case: LaFay has provided an itemization of the copies for which he seeks compensation.  However, he has not demonstrated how the copies of those documents he sent to his client were "necessarily obtained for use in the case."  Accordingly, the copies sent to the client will be subtracted, resulting in an award of $290.10 as to this item.

In contrast to LaFay, Allen has provided no information whatsoever regarding the $1,126.09 he claims for copying costs.  Accordingly, he may not recover this expense.

Other costs: The pro-rated mediator's fee of $197.50 will be subtracted from LaFay's claimed expenses, as that charge is not compensable.  Additionally, LaFay has not substantiated the $736.04 he claims for "depositions/court reporters for depositions of Rivers, Thames, & McCoy."  His documentation only supports $592.84 for these expenses.  Further, that sum must be divided among all five companion cases, resulting in a figure of $118.57 attributable to this case.

For his part, Allen has not substantiated the $188.91 he claims in this category.  Instead, he has merely listed dollar figures under the categories "Copies of pictures," "Postage," and "Telephone Calls," without any further explanation.  In the face of the City's objections, this conclusory presentation is insufficient.  Accordingly, these charges will be disallowed.

From these calculations, the Court determines that Easterling is entitled to a total of $2,017.00 in costs, rather than the combined total of $4,960.66 previously taxed. Accordingly, the Clerk will be directed to enter a judgment in the lower amount.

## IV. CONCLUSION

Based on the foregoing, it is ORDERED as follows:

1. The June 11, 2008 Report and Recommendation (Doc. No. 112) is APPROVED AND ADOPTED

2. Plaintiff's Attorney['s] Objections to the Magistrate's Report and Recommendation (Doc. No. 113), filed on June 16, 2008, are OVERRULED.

3. Plaintiff's Attorneys Frank T. Allen and The Allen Firm, P.A.'s Motion to Tax Fees, Costs and Interests [sic] (Doc. No. 93), filed on December 19, 2007, is GRANTED IN PART AND DENIED IN PART. The Motion is GRANTED insofar as it seeks an award of attorney's fees, and DENIED as to the amount of fees requested. Frank T. Allen, Esq. and The Allen Firm, P.A. are hereby awarded attorney's fees in the sum of $21,970.00.

4. Plaintiff's Attorney Michael LaFay and the Law Firm of Nejame, LaFay Jancha, Vara, Barker & Joshi, P.A.'s Motion to Tax Fees, Costs and Interest (Doc. No. 95), filed on December 21, 2007, is GRANTED IN PART AND DENIED IN PART. The Motion is GRANTED insofar as it seeks an award of attorney's fees, and DENIED as to the amount of fees requested. Michael LaFay and the Law Firm of Nejame, LaFay Jancha, Vara, Barker & Joshi, P.A. are hereby awarded attorney's fees in the sum of $28,095.00.

5. The Clerk is directed to enter a judgment providing that (1) Frank T. Allen, Esq. and The Allen Firm, P.A. are hereby awarded attorney's fees in the sum of $21,970.00; (2) Michael

LaFay and the Law Firm of Nejame, LaFay Jancha, Vara, Barker & Joshi, P.A. are hereby

awarded attorney's fees in the sum of $28,095.00; and (3) Plaintiff is awarded costs in the sum

of $2,017.00.

     **DONE** and **ORDERED** in Chambers, in Orlando, Florida on August 20, 2008.

Copies furnished to:

Counsel of Record
Unrepresented Party
Magistrate Judge

ANNE C. CONWAY
United States District Judge